Our next case is IPS Avon Park Corporation v. Kinder Morgan, 22-10547. We have Marion Hale for the appellants and Anthony Kuva for the appellees. I'll let you all get settled and Ms. Hale, you can proceed to the podium when you are ready. You may proceed. May it please the Court, I represent Avon Park and Jones Consulting, the appellants. We are asking you to reverse the trial court's decision denying our motion for summary judgment and granting the motion filed by Kinder Morgan and Shady Hills Energy. And the reason is that our clients have a right to the expansion payment under the terms of this contract, and that right matured when Shady Hills Energy issued nine notices to proceed with various EPC, Engineering, Procurement and Construction, contracts related to the construction of the expansion. What the trial court did was it said that the notice to proceed had to be for the actual addition of the combustion engines into the project. And if it wasn't for that, then we had no right to the expansion payment. But that's not what the terms of the agreement show. The terms of the agreement show, first of all, there has to be an expansion. You wouldn't get payment unless there's some expansion. And then there have to be EPC contracts, and those EPC contracts must be related to the expansion, related to the addition of the combustion turbines to the plant. And then lastly, there has to be a notice to proceed with any EPC contract. So, aren't you also omitting that expansion of the project is specifically defined? It means the addition of one or more combustion turbines to the site of Shady Hills. That's an important piece of this analysis. Oh, absolutely it is. So you have to have a notice to proceed, and that notice to proceed has to be to any EPC contract. So you keep saying that, but, and I'm looking at the language, you know, you're saying it that way, but you're leaving out the phrase, notice to proceed with construction of the expansion of the project. So what do you do with the fact that that word, that phrase is in there, that the notice to proceed with construction of the expansion of the project? The way the trial court looked at this was that there had to be a notice to proceed with the actual addition to the plant for the combustion turbines. That is what is, that note, that idea is reflected in paragraph 2A of the contract, which was a different payment. And that payment provision says in 2A, which was for a development fee, that there has to be a final and definitive notice to proceed. In other words, there is — Okay. Let's just talk about the paragraph. I mean, so am I wrong about the paragraph that is at issue here? The paragraph that I have says this. The payment for expansion of the project shall be due and payable upon issuance of notice to proceed with construction of the expansion of the project under any engineering procurement and construction contract related thereto. Am I on the right section? Yes. Okay. That's two minutes. Okay. Then what does it mean when it says, shall be due and payable upon issuance of notice to proceed with construction of the expansion of the project? Well, you have to include the rest of that sentence. I am. I'm totally going to, but I want to know how you read that with construction of the expansion of the project. Okay. What do we do about that? Well, there is, first of all, there is an expansion. You have to have that, and you have to have a notice to proceed. Construction of the expansion. With the construction of the expansion pursuant to any EPC contract related thereto. So the word any, so we're not just dealing with one contract here. It can be any of the four EPC contracts here, and then it has to be, does not have to be the actual contract for the installation of that actual combustion engine. It just has to be the contract has to be related to the expansion. Okay. I don't see that. I don't see related to an expansion. I see proceed with construction of the expansion. I guess, so the district court said that the notice to proceed that you identified was a notice to proceed, but it wasn't a notice to proceed with construction of the expansion of the project. So what do you say about that? Because again, the trial court is omitting the words under any engineering procurement and construction contract related thereto. What do those words mean? Well, related. So we could accept for the moment that all of the contracts were EPC contracts related to the construction. If we accept that, then it's still, to Judge Brasher's point, there still has to be a notice to proceed with construction. So not a notice to proceed under one of those contracts, a notice to proceed with something, but a notice to proceed with construction. And they were. All of these notices to proceed were for construction. We may have to walk through these various notices to proceed that you're arguing about. But can I just start, too? I don't understand the GE notice, how that is an EPC contract. It is a manufacturing and supply contract only. How is that an EPC contract? Well, if you look at the contract itself, it is to supply and deliver the actual combustion turbines to the site. The memorandum of understanding refers to General Electric providing field engineering services. And if you look at the appendix, it talks about there being construction and that Shady Hills Energy will have an obligation to supervise General Electric's construction at the site. And talk about how they can bring tools and all that. So they are clearly, they are procuring the actual combustion turbines. They are constructing them. They have to build them, after all. They don't just arrive out of nowhere. They're building the turbines off-site. I just, I guess I'm not sure exactly how you're saying this is an EPC contract, the GE one. There's nothing that requires the building of the combustion turbines to be on the site. GE supplies the turbines, builds them off-site. Designs and engineers them. Builds them off-site. Delivers them to the construction site. And then it is part of the process of the construction of incorporating them into the plant. And that's clear from looking at the memorandum of understanding and the appendix. Those are the three requirements. So there is a notice to proceed with an EPC contract and that that is related to, it's certainly related to, it is the actual definition of expansion of this plant. Okay. Could you, I think your best argument is not the GE contract. I think it's probably the TIC contract, which was clearly aimed at constructing an expanded power plant. Correct. But the opposing party says, with respect to that, the only thing that was issued were these limited notices of proceed. What do you say about that, that those should count as notices to proceed? Well first of all, there's nothing in the contract which says it has to be a full notice to proceed. And they've admitted in their brief, it does not, there's no distinction in the contract between a full notice to proceed and a limited notice to proceed. The TIC contract was for the fire suppression, or the notice to proceed, was for the construction of the fire suppression housing. Now that was required under the contract. Remember, this only has to be related to the expansion. It's related to the expansion. Well that's, so I mean that's, I'm just going to say I disagree with you on that. So the way I read the contract is that it has the words notice to proceed with construction. So I'm just going to disagree with you on that, but I will say that, let's just assume I'm right, that the notice to proceed, because it says it in the contract, that the notice to proceed with construction of the expansion is what we're looking for. Is this shady hill, I'm sorry, is this TIC agreement a notice to proceed with construction? Yes. These limited notices to proceed. Could you explain why that is the case? Because you have to have the fire suppression system in place under federal and state law, it is required. Just like for the Aquatec contract, you have to have the water treatment plant, and there was a notice to proceed under Aquatec for the water treatment plant to start geotechnical work on that. You have to have a water treatment plant, you have to have the fire suppression system. These are not unrelated, these don't have, these are not independent of the expansion. This is part of the expansion. You can't have these things, you cannot expand and put in these turbine combustions, combustion turbines, unless you have these things. They are part and parcel of the construction of the expansion. And that's why any notice to proceed under those two contracts, and the trial court found both of those were EPC contracts. So, it's not written the notice to proceed, the contract says notice to proceed. And it can be any notice to proceed, and it refers to any EPC contract. On that detail, you have five minutes for rebuttal. Thank you. Mr. Kuva? May it please the Court. Good morning. My name is Anthony Kuva, and I'm here on behalf of the Appalachians. We are here on a singular issue, and that issue is whether the payment obligation to the Appalachians was triggered under Section 2B of the Buyout Agreement. The triggering event is the issuance, and I quote, of a notice to proceed with construction of the expansion of the project, a defined term. That triggering event has not happened. Section 2B sets forth the requirements of the notice to proceed that must be issued. First, the notice to proceed must be under an EPC contract. That's a term of art, which is for a turnkey facility used in major construction projects and very common in the power industry. The notice to proceed must also be for the construction of the expansion of the project, which in this case is contractually defined in Section 2B-2. And it is defined as, quote, the addition of one or more combustion turbines to the site of the project. Judge Barber correctly concluded that the required notice to proceed sufficient to trigger the payment obligation has never been issued, and that the notices relied upon by the appellants do not commence the construction of the addition of one or more combustion turbines to the site of the project. Are you arguing, picking up on what opposing counsel has argued, are you arguing that it has to be a full notice to proceed, or maybe a limited notice to proceed could trigger this provision, but just not these limited notices to proceed? We have the benefit here of looking at the TIC contract, the contract that was actually going to be for the definition of the expansion project as defined by the parties. So we can look at that and see that it is the, it's not defined as a full notice to proceed, it's defined as a notice to proceed. All the funding is in place, all the permits are in place, it's all systems go. Contractor has an obligation to construct the expansion of the project as defined. The addition of one or more combustion turbines to the site of the project. It's very clear based on the language. So I have trouble with the TIC contract and just kind of understanding it. So I mean, why should your agreement with TIC, which provides for these limited notices to proceed, and why, you know, it defines these things differently. Why should that agreement, that they're not even a party to, be relevant to their agreement with you as far as defining what a notice to proceed is in your agreement? Right. So it's very clear based on the language of what the party's intended to do and the circumstances surrounding it. And the case law permits the court to do that. It's very clear what the party's intended to do. And it's even in the appellant's brief. If they were going to add additional megawatt capacity to this facility, then the facility would be worth more money. And the developers wanted an additional payment if they expanded this plan. Remember the definition is not expansion. That's what the appellants, they conflate the two. It's expansion of the project. It's defined specifically in 2B2. So to answer your question, if you take the TIC contract, you can't just simply say with construction this limited notice to proceed is for the construction of a small concrete pad that was going to have a fire pump on it. That's not enough. It has to be with construction of the expansion of the project, which is defined specifically as the addition of one or more combustion turbines to the side of the project. So what work is related thereto doing? Related thereto is meant to clarify the sentence. And related thereto relates back to construction of the expansion of the project. It can only relate to that. Because you can't read the sentence, issuance of the notice to proceed with the construction of the expansion project under any EPC contract and under any EPC contract related to there and any other EPC contract. It doesn't relate to the EPC contract. It relates to the construction of the expansion of the project.  So we've got to go back and look at which, so the triggering event, what they were trying to do is the triggering, they didn't want to wait for the completion of the product, of the power plant. They don't have to, right? They don't have to. Absolutely not. As soon as that notice to proceed is issued, as soon as the notice to proceed is given to the contractor saying we have funding in place, it's all systems go, we're going to And that is going to add additional megawatt capacity and we're going to make more money. We're going to pay you $2.5 million. That's what it says. And that's what it's meant to say. Let me ask you this, which is maybe, I mean, I don't know. This hypothetical is something I've been trying to figure out. So you have a contract with them that says you owe them money upon an issuance of a notice to proceed to a third party to build, you know, in addition to the power plant. What if your contract with TIC had just said no notice to proceeds are necessary, just build the plant? Would you have contracted around this agreement? No, Your Honor. That's most likely. So this was drafted 22 years ago, right? They are trying to contemplate the notice to proceed that's going to be for the construction of the expansion project. So an EPC contract always has a notice to proceed, has limited notice to proceeds and has a notice to proceed. The notice to proceed is specifically defined here. It says there's got to be funding in place because that means the owner is essentially paid. They've done their obligation and the contractor, the language is powerful, the language says the contractor shall diligently prosecute the work under the EPC contract. So they have an obligation to go fast because these projects are so valuable when they're operational that they give a date certain by which it needs to be done. If it's not done by that date, there's heavy liquidated damages. So the parties knew, the sophisticated parties, the developers are, that there was going to be an EPC for the construction of this plant ultimately. That's why we can look at the Aquatect Agreement. That is not the EPC contract for the construction of the expansion of the project. The TIC contract is, is the contract that fits this. Why wasn't an EPC, why wasn't a notice to proceed issued? It's very simple. The funding fell apart. The contract between Shady Hills, the power plant facility owner, and Seminole Electric fell apart. And that's in litigation before Judge Jung in the middle district right now. So there was never a notice to proceed issued. This project But there were these limited notices to proceed. That's what I guess, why, why is the fact that you, and I'm not saying you're necessarily wrong about this, but I'm just trying to get to it. Why is the fact that in your contract with this third party, you created a category of things called limited notices to proceed? Why should that matter for them? Right. Because it's not related to the construction. That's not what the agreement says. It is with the construction of the expansion of the project. Very definitive words. And the notice to proceed with the expansion, if there was a notice to proceed with the, a limited notice to proceed that added the additional, addition of one or more combustion turbines to the site, we'd be obliged to pay, undoubtedly. Because that fits the definition. But what doesn't Why is the limited notice to proceed with TIC the concrete pad? That's the one I'm kind of struggling with. Why is that? That seems to be an EPC contract. It's a notice for construction and it's construction of a concrete pad. Why isn't that enough? It's a, it's a limited notice because what they were trying to do was clearly intended from the language. When you say they, do you mean who, which they? The U.N. TIC or Yes, absolutely. Okay. No, not TIC. I'm sorry. Oh, you mean with them? Yes, sir. The appellants and the appellees. I'm sorry. Go ahead. Their intention was that we were going to pay you when we committed to construction of the expansion of the project, which is defined as the addition of one or more combustion turbines. And that limited notice to proceed for a concrete pad isn't sufficient. Some of the Why? Limited notice Why? Because it's not for the addition of one or more combustion turbine to the site of the That's what, that's what seems odd. And like I said, this may not ultimately resolve this case, but, you know, the old, how do you eat an elephant? You know, like one bite at a time, right? Like what if, what if you had just issued a number of limited, you know, this is a limited notice to proceed with the foundation of the addition. This is a limited notice to proceed with the walls of the addition. This is a limited notice to proceed with the ceiling of the addition. This is a, you're right, you just issue all these limited notices to proceed and at the end of the day, wow, you end up with a new turbine. Wow. And none of those in and of themselves, you would say, I think, is the notice to proceed. No, I absolutely would. If there would happen, there would have to be, under that situation, there would have to be a limited notice to proceed for the addition of one or more combustion turbines to the site under that scenario. But in reality, and the parties knew this at the time they drafted this, and that's why it's proper under the case law to look at the circumstances, there's going to be one EPC contract for the construction of the addition of one or more combustion turbines to the site of the project. And in fact, we have it. We can look at it. But the contract pad was related to the turbine project. Tangentially. It's related to the expansion project and mind you, the appellants conflate expansion, the new proposed facilities on page five, they take the definition, and they're brief, page five, they take the definition of expansion and conflate it with the new proposed facility. Yes, Your Honor, it's related to the new proposed facility. So it's mowing the lawn, theoretically. But it's not related to the addition of one or more combustion turbines to the site of the project. And that was the moneymaker. That was the addition of the megawatts that was going to make money. That was the trigger and event that the parties wanted to clarify that once you issue the notice to proceed with construction of the expansion of the project, which is specifically defined the addition of one or more combustion turbines to the site, the payments due. Here, Your Honors, Judge Barber correctly concluded that the required notice to proceed sufficient to trigger the payment obligation has never been issued. The case law, I'd like to talk about the appellant's brief for just a minute. On page 18 of the brief, they give us three different definitions. They take the word related and move it around. What, and this may answer your question, Your Honor, is that it's not any notice to proceed under any EPC contract related to the construction. That's not what it says. It's very clear what it says. It says a notice to proceed with construction of the expansion of the project. And all that Judge Barber did was he took the definition in 2B2 and he substituted that for the words expansion of the project. So it ends up reading a notice to proceed with the construction of the addition of one or more combustion turbines to the site of the project. And that will clarify why the limited notice to proceed for a concrete pad was not sufficient to trigger this payment. A limited notice to proceed to mow the lawn was not sufficient. It had to be the notice to proceed to the EPC contractor, it's a $255 million contract. Funding is in place, all systems go, the megawatt is definitely going to increase and we're going to pay you now, now when we're committed to expand the facility, not at the end, not when the construction is done and we turn the key on and start making money. But to go back to Judge Brasher's question, you know, the concern, I guess, that the other side would raise is that you are going to issue a lot of limited notices to proceed and only when the last limited notice to proceed is issued, then the project is now complete, we bring the turbines in. So how are we, the contract does not talk about limited, it does not talk about full, it just says notice to proceed. So we should be considering notices to proceed under an EPC contract. How do we, how are we supposed to judge if it's related to the addition of one or more precursor to that? Yes, Your Honor. So the TIC contract does define limited notice to proceed at Section 3.1 and notice to proceed at Section 3.1. It's in the docket record 3214. And it specifically defines what a limited notice to proceed is and what a notice to proceed is. And if you look at the circumstances, and the case law permits you to do that, the circumstances are, is these developers wanted a payment when this project was going to be expanded and they defined specifically what that notice to proceed to trigger that event was going to be. And that was with construction of the addition of one or more combustion turbines. So we had the benefit of being able to look at the TIC contract and it's clear when you look at it, the notice to proceed is defined in there, it says funding's in place, permit's in place, all systems go. Contractor must diligently prosecute the work. And so because we had that benefit, it's easy for us to look at that in hindsight and say, well, this is clearly the notice to proceed that needed to be issued. It wasn't issued here. We have six notices to proceed, two are for mowing the lawn. The concrete pad is for a firehouse about the, I mean, a fire pump, exterior fire pump about the size of a dining room. We have a limited notice to proceed for some geotechnical engineering. It's very common in the, when you look at the contract, you had to issue these notice, these limited notice to proceed is required in order to have the notice to proceed eventually issued. Thank you. Thank you. Ms. Hale, you have five minutes for rebuttal. Well, Mr. Kufa has just argued that the provisions in the TIC contract are applicable to this contract and there is nothing in this contract which would permit that. But more importantly, he's arguing that there's only one EPC contract that can trigger the right to payment. And there's only one notice to proceed that can trigger that right to payment. But that's not what this agreement says. It says any EPC contract, not the TIC contract, not the contract, any EPC contract. And it says notice to proceed. It doesn't say the notice to proceed as if there were only one. It is any notice to proceed is sufficient here. It does not need to be a full notice to proceed. Parties knew how to write a provision which has in it that it's the final definitive notice to proceed that's in the paragraph above. That's the payment for the development fee. And for the payment for the development fee, yes, it has to be a notice to proceed there, but it is the notice to proceed. For that payment, it has to be the final and definitive notice to proceed. That's not in this provision. When they turned around to write 2B as opposed to 2A, they changed the language. And when that language changes in a contract and they don't use the same terms, then you can assume that they mean something else because they knew how to write final definitive notice to proceed. And they didn't for this provision. It's any notice to proceed, any EPC contract. And he told you the intent of the parties was that this would be based on the funding being available. The funding being available was in a prior agreement between these parties that said that that would be a condition proceeding to our client's payment. That was not in this version of the contract. So they deleted that provision. There is no requirement that Shady Hills have received funding for this. So the notion that — I understood his argument just to be that that would be a practical precondition to ever issuing a notice to proceed, not that it was some separate requirement. But in this one, they didn't have the funding in place, and they were issuing nine notices to proceed. So obviously — and the contract doesn't require it to be dependent on that. The Duke Energy contract is an example of an EPC contract, and there can't be any argument that that's not an EPC contract because Shady Hills had the obligation to enter into that Seminole Electric says, you're going to expand this project. That's great. We want to make sure there's going to be an interconnection between this and the Duke Energy grid. So you have to enter into — But the Duke Energy was construction of an off-site substation, and there were no turbines, right? Correct. But it's the interconnect portion that's important of the Duke Energy contract. They're taking the megawatts that are going to be in this expansion, and they are interconnecting them in to the Duke Energy grid. This — we don't get an expansion here unless there's a way to take the megawatts out of the plant and distribute them to Seminole Electric. And so this is the contract, and that's why Seminole said, you have to enter into an EPC contract with Duke. And we also know that the notice to proceed to Duke mentions engineering procurement and construction. And we know from the expert's report, and that would be Shady Hills' expert, that he refers to the Duke Energy contract as an EPC contract. And the contract itself in 5.1.1, it says you can choose an option, and they chose the option for an EPC contract. And that was Mr. Wolf's testimony in his deposition. And the notice to proceed actually says that you must proceed — that Duke must proceed with the design, procurement, and construction of transmitters, providers — that would be Duke's — interconnection facilities and network upgrade. All of that had to go on to have this expansion. All of these contracts have to go forward for the expansion. All of them are EPC contracts, and they're all related to the expansion. The contract has to be related to the expansion. That's the only words that related to refer to, and all of these work. Thank you. Thank you both. We have your case under advisement.